**MING YING ZHENG, Feng Li, Petitioners,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

Nos. 04–4023–ag(L); 04–4025–ag(con).

United States Court of Appeals, Second Circuit.

Dec. 5, 2006.

———

Theodore N. Cox, New York, New York, for Petitioners.

Brett L. Tolman, United States Attorney for the District of Utah, Karin Fojtik, Assistant United States Attorney, Salt Lake City, Utah, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioners Ming Ying Zheng and Feng Li, natives and citizens of the People's Republic of China, seek review of the June 30, 2004 order of the BIA affirming the February 3, 2003 decision of Immigration Judge ("IJ") Michael W. Strauss denying petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Ying Zheng,* No. A 73 045 702 (B.I.A. June 30, 2004), *aff'g* No. A 73 045 702 (Immig.Ct.Hartford, Conn. Feb. 3, 2003); *In re Kok Poh Lim,* No. A 29 882 583 (B.I.A. June 30, 2004), *aff'g* No. A 29 882 583 (Immig.Ct.Hartford, Conn. Feb. 3, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA rejects part of the basis of an IJ's decision, but affirms the holding in every other respect, this Court reviews the IJ's decision as modified by the BIA decision. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (noting that affirmance is appropriate, in spite of deficiencies in an adverse credibility determination, when it can be confidently predicted that the IJ would adhere to the decision were the case remanded).

Here, the agency's adverse credibility finding is supported by substantial evidence. Zheng testified that she became pregnant in August or September 1991, but her application indicates that she became pregnant in December 1991. While Zheng's explanation for this inconsistency is plausible, the IJ's refusal to accept the explanation was not error because no reasonable fact finder would be compelled to credit it. *See, e.g., Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Moreover, the reason that Zheng does assert for the discrepancy—that she is uneducated and used the wrong verb—was raised only before this Court, not the IJ.

The IJ also found it inconsistent that Zheng's application indicates that she was refused a marriage license, while she testified that she did not try to get a marriage license. The IJ did not err in finding inconsistencies in Zheng's testimony about registering her marriage for two reasons. First, because Zheng's application referred to her "boyfriend," the IJ's finding that she was not married is supported by substantial evidence even though Zheng later testified that she was already married at the time she was pregnant. Second, independent of the IJ's finding as to Zheng's marital status, the IJ's finding that Zheng was not consistent about whether she attempted to register her marriage is supported by the record because Zheng's application states she tried to register but she testified that she did not. Furthermore, because this inconsistency is dramatic, the agency may rely on it without first soliciting an explanation from Zheng. *See Majidi*, 430 F.3d at 81.

The IJ also properly found that the validity of the abortion certificate is doubtful because the State Department report indicates that the Department is not aware of any certificates for involuntary abortions. This Court has held that an IJ may properly disbelieve an asylum applicant's claim that the Chinese government issued a so-called "abortion certificate" following an involuntary abortion, when the State Department reports that its officials are "unaware" of the Chinese government issuing such certificates for anything other than voluntary abortions. *Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir.2006). Therefore, the IJ's finding regarding these certificates was not erroneous.

Although there are errors with three of the six factors upon which the BIA affirmed the IJ's decision, it is clear that the IJ would adhere to his decision if the case were remanded based on the inconsistency about when Zheng became pregnant, whether she tried to get a marriage licence, and the apparently fraudulent abortion certificate. *See Xiao Ji Chen*, 434 F.3d at 161. Furthermore, the IJ's denials of withholding and CAT are supported by substantial evidence as they were based upon the same adverse credibility determination for which the IJ denied asylum.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).